IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RAY A. MILES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:06CV00829 SWW |
| | * | |
| VETERANS ADMINISTRATION POLICE, | * | |
| | * | |
| | * | |
| Defendant. | * | |

**Order**

Before the Court is plaintiff's motion for reconsideration. The Court has carefully reviewed the motion and finds that it should be denied.

Plaintiff alleges that in May 2006, he had an altercation with the Veterans Administration Police, who accused him of threatening someone, handcuffed him, and took him to the county jail. He was charged with assault and disorderly conduct. The charges were *nolle prossed* after the police officers failed to attend court.

In his motion for reconsideration, plaintiff says he tried to solve his problems with the Veterans Administration staff, the patient representative, and the Inspector General, but they did not help him. He claims the Veterans Administration Police violated his rights and do not want him to receive justice. Plaintiff also says Federal Tort Claim Act ("FTCA") does not cover his rights as a citizen or veteran.

As the Court stated previously, to the extent that plaintiff asserts tort claims of false imprisonment and/or malicious prosecution, the proper defendant in a FTCA action is the United States of America. Also, plaintiff must first present a claim to the involved federal agency; the

claim must be filed within two years of accrual. 28 U.S.C. § 2401(b). Plaintiff makes no specific allegation under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Even so, *Bivens* constitutional tort claims are not actionable directly against agencies of the United States. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 486 (1994).

    IT IS THEREFORE ORDERED that the motion for reconsideration [docket entry 18] is denied.

    DATED this 20th day of December 2006.

    /s/Susan Webber Wright

    UNITED STATES DISTRICT JUDGE